IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARLIN T. CALVIN,

                          Plaintiff,                                OPINION & ORDER

    v.

                                                                               16-cv-552-jdp

SUB-ZERO FREEZER CO.,

                          Defendant.

---

Pro se plaintiff Arlin Calvin has filed a proposed complaint against his former employer, defendant Sub-Zero Freezer Co. Plaintiff alleges that Sub-Zero discriminated against him because of a disability. The court granted plaintiff leave to proceed without prepaying his filing fee. Dkt. 3.

The next step in this case is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the complaint with this principle in mind, I conclude that plaintiff's allegations could state claims against Sub-Zero for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* But from the face of plaintiff's complaint, it appears that any ADA claims that he could allege would be untimely. I will therefore direct plaintiff to show cause why I should not dismiss this case.

ALLEGATIONS OF FACT

Plaintiff used to work for Sub-Zero (he does not indicate when he started). In August 2001, plaintiff injured himself while on the job. According to plaintiff, Sub-Zero did not provide him with the proper equipment to use while working on a production line, and he injured his right hand as a result. Plaintiff suffered permanent nerve damage.

After plaintiff's injury, Sub-Zero's human resources director "specifically discriminated against [him] by not allowing [him] to work awarded jobs." Dkt. 1, at 2.

In July 2002, plaintiff "was walked out a back door of Sub-Zero," and he was fired. *Id.* at 3. To this day, plaintiff has not received a reason for why Sub-Zero fired him. But he believes that his termination was the result of "disability discrimination." *Id.*

Plaintiff filed suit in this court on August 5, 2016.

ANALYSIS

The ADA prohibits employers from discriminating against employees on the basis of disability. 42 U.S.C. § 12112(a). There are different types of ADA claims that a plaintiff can allege. Here, I construe plaintiff's complaint as alleging claims against Sub-Zero for failing to accommodate plaintiff's disability and for terminating plaintiff because of his disability.

To state a claim for failure to accommodate, plaintiff must allege that: (1) he was a qualified individual with a disability; (2) Sub-Zero was aware of his disability; and (3) Sub-Zero failed to reasonably accommodate his disability. *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 852 (7th Cir. 2015). For the first of these elements, "[t]he term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or

2

desires." 42 U.S.C. § 12111(8). Plaintiff does not specifically allege that he was qualified to perform his job after his injury. But I must construe plaintiff's complaint liberally at this stage of the case, and so I infer from his allegations that he believes that he could have performed his job, at least with reasonable accommodations. Plaintiff has therefore alleged the first element of a claim for failure to accommodate. Plaintiff has also alleged the second and third elements: he indicates that he spoke with Sub-Zero's human resources director, who did not allow him to work awarded jobs, and that Sub-Zero eventually fired him.

To state a claim for disability discrimination, plaintiff must "allege facts showing that (1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (internal quotation marks omitted). For the first element, I can infer that the hand injury that plaintiff has alleged is "a physical or mental impairment that substantially limits one or more [of plaintiff's] major life activities," which is how the ADA defines a "disability." 42 U.S.C. § 12102(1). As for the second element, I again take plaintiff's complaint to allege that he was qualified to perform the essential functions of his job, either with or without a reasonable accommodation. And although plaintiff's allegations are sparse, he has adequately addressed the third element by alleging that Sub-Zero did not provide any justification for terminating him.

Although plaintiff's allegations state claims under the ADA, I will not grant him leave to proceed at this point. Instead, I will direct plaintiff to file a short response to this order explaining why I should not dismiss his case as untimely.

Before filing suit in federal court to pursue claims under the ADA, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged violation (or within 300 days, if he files a charge with a state agency). 42 U.S.C. § 12117(a) (adopting the exhaustion requirements in 42 U.S.C. § 2000e-5); *Stewart v. County of Brown*, 86 F.3d 107, 110 (7th Cir. 1996). If the EEOC does not resolve the matter, then a plaintiff must file suit within 90 days after receiving a Notice of Right to Sue from the agency. 42 U.S.C. § 12117(a); *Houston v. Sidley & Austin*, 185 F.3d 837, 838 (7th Cir. 1999). Courts must usually dismiss claims for which the plaintiff has failed to file a timely charge with the EEOC or for which the plaintiff has failed to file a timely suit in federal court.

The issue of timeliness is an affirmative defense for a defendant to raise, rather than a jurisdictional prerequisite for a court to address when screening a complaint. *See E.E.O.C. v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 596 (7th Cir. 2009). Thus, I would ordinarily direct service of the complaint and allow Sub-Zero to decide whether to move to dismiss plaintiff's complaint as untimely. But the Seventh Circuit has instructed that district courts "should invoke an affirmative defense (on behalf of potential defendants who have not had a chance to do so themselves) only if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Here, the discrimination that plaintiff alleges occurred in 2001 and 2002, more than a decade before he filed this lawsuit. It therefore appears very unlikely that plaintiff's complaint is timely.

Although the injury and resulting discrimination occurred several years ago, it may be that plaintiff recently filed a charge with the EEOC (plaintiff's complaint does not indicate

4

whether he has filed a charge), which could make his suit timely. In *Zipes v. Trans World Airlines, Inc.*, the Supreme Court held that the requirement of filing a timely charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." 455 U.S. 385, 393 (1982). The Court has since clarified that these doctrines "are to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). And the Seventh Circuit has identified three situations in which equitable tolling applies:

> In discrimination cases equitable tolling extends filing deadlines in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim; when a plaintiff makes a good-faith error such as timely filing in the wrong court; or when the defendant prevents a plaintiff from filing within the statutory period.

*Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012) (citations omitted).

From the allegations in plaintiff's complaint, I cannot determine whether any of these considerations could support equitably tolling his time for filing a charge with the EEOC. And even if the doctrine of equitable tolling is appropriate, it would excuse filing a *late* charge with the EEOC; the doctrine does not allow plaintiff to skip that step altogether. *See O'Rourke v. Cont'l Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993) ("Equitable tolling enlarges the time within which to proceed but does not justify omitting steps such as the administrative charge that Congress has made essential."). Thus, I will direct plaintiff to file a response to this order explaining why his ADA claims are timely. In that response, plaintiff must indicate whether and when he filed a charge of discrimination with the EEOC. If plaintiff filed an untimely charge, then he must articulate at least a plausible basis for applying the principles of equitable tolling to excuse the untimeliness.

Plaintiff may have two weeks to file his response to this order. Once plaintiff files his response, I will determine whether he can proceed with his claims against Sub-Zero. If plaintiff fails to respond, or if his response fails to identify a basis for excusing the apparent untimeliness of his claims, then I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Arlin Calvin may have until August 31, 2016, to file a response to this order, as explained above.

2. If plaintiff fails to timely respond, then I will dismiss this case.

Entered August 17, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge