IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARLIN T. CALVIN,

                Plaintiff,

v.

SUB-ZERO FREEZER CO.,

                Defendant.

OPINION & ORDER

16-cv-552-jdp

---

Pro se plaintiff Arlin Calvin brings an employment discrimination claim under the Americans with Disabilities Act (ADA) against his former employer, defendant Sub-Zero Freezer Co. Calvin contends that Sub-Zero discriminated against him by terminating his employment based on his disability.

Sub-Zero moves for dismissal for failure to state a claim, and in the alternative, for summary judgment. Dkt. 9. I will dismiss Calvin's complaint as untimely, construing Sub-Zero's motion as a motion for summary judgment because both sides refer to matters outside of Calvin's complaint. Fed. R. Civ. P. 12(d).

BACKGROUND

This case arose from events that occurred 15 years ago. Calvin worked at Sub-Zero from 1993 to 2002. Sometime before the summer of 2002, Calvin sustained a work-related injury. Calvin was allegedly "walked out a back door of Sub-Zero" on July 29, 2002, because of his disability. Dkt. 1, at 3. Sub-Zero states that it simply placed Calvin on a medical leave of absence due to Calvin's injury. On February 1, 2004, Sub-Zero sent Calvin a letter that formally terminated his employment because, according to Sub-Zero, Calvin had failed to

find another position at Sub-Zero for 18 months since July 2002. Calvin contends that the placement on a medical leave was a ruse by Sub-Zero and maintains that July 29, 2002, is the date when Sub-Zero actually terminated his employment.

Calvin filed his charge with the Wisconsin Department of Workforce Development Equal Rights Division on November 26, 2004. Calvin was originally represented by an attorney, but for an unidentified reason, the attorney stopped representing Calvin sometime before 2010. Dkt. 20-2, at 7. Calvin then filed another charge with the Equal Rights Division, appearing pro se, on November 8, 2010. Dkt. 21-3. On November 6, 2015, the administrative law judge concluded that she had no reason to believe that Sub-Zero discriminated against Calvin based on his race, color, or disability. Dkt. 20-2, at 10.[1]

On December 11, 2015, Calvin attempted to appeal the ALJ decision to the circuit court for Dane County. Dkt. 20-3. On April 21, 2016, Calvin appealed the ALJ decision to the Labor and Industry Review Commission. Dkt. 20-5. On July 18, 2016, the Commission dismissed the case. Dkt. 20-6. On August 5, 2016, Calvin filed his complaint in this case. Calvin does not indicate that he ever received a right to sue letter from the Equal Employment Opportunity Commission.

---

[1] It is unclear what caused Calvin's case to languish for 11 years before the Equal Rights Division. According to Calvin, he did not receive a response until he called a representative at the Equal Rights Division in 2010. He states that his case files remained "down in the basement," Dkt. 25, at 5, presumably for six years, until he filed a new charge on November 8, 2010. The administrative law judge who presided over Calvin's case wrote a different account of events. According to the ALJ, the investigator assigned to Calvin's case had contacted Calvin on November 29, 2004, just three days after Calvin filed his first charge, and the investigator explained to Calvin that he needed to file a new charge because Calvin's charge was deficient. The ALJ wrote that Calvin did not file a new charge until six years later, in 2010. The case lasted for five more years, until 2015.

ANALYSIS

I will dismiss Calvin's complaint as untimely. Sub-Zero's motion is styled as a motion to dismiss "and/or" a motion for summary judgment. Sub-Zero did not strictly follow the court's requirements for motions for summary judgment because it did not submit proposed findings of fact, but it did support its motion with evidentiary submissions. Calvin had a full opportunity to respond and submitted his own evidence. I will consider the parties' evidentiary submissions and treat Sub-Zero's motion as one for summary judgment. A court may grant summary judgment when no genuine issue of a material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Generally, a Title VII plaintiff must file a charge of discrimination with the federal EEOC within 180 days of the alleged violation before filing suit in federal court. 42 U.S.C. §§ 12117(a), 2000e-5(e). But in a "deferral state" such as Wisconsin, 29 C.F.R. § 1601.80, the plaintiff has 300 days from the alleged violation to file the charge. *Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1129 (7th Cir. 2002); *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). And the Wisconsin Equal Rights Division has a worksharing agreement with the EEOC "under which both agencies treat a complaint filed with one agency as cross-filed with the other." *Alvey v. Rayovac Corp.*, 922 F. Supp. 1315, 1326 (W.D. Wis. 1996). Thus, "in Wisconsin, a charge of discrimination actionable under federal law is timely if it is filed with the state Equal Rights Division within 300 days of the alleged discriminatory act." *Id.* (citations omitted). If the plaintiff fails to file a charge within the 300-day window, the Title VII claim is time-barred. *Roney v. Illinois Dept. of Transp.*, 474 F.3d 455, 459-60 (7th Cir. 2007). But the real question here is when the 300-day limit starts to

3

run. "[T]he discrete act that starts the Title VII limitations clock is the discriminatory decision itself, *not* the *consequences* of the act that may materialize down the road." *Barrett v. Illinois Dept. of Corr.*, 803 F.3d 893, 898 (7th Cir. 2015) (emphasis in the original) (internal citation and alterations omitted).

Here, Calvin alleges that he was "walked out a back door of Sub-Zero" on July 29, 2002, because of his disability. Dkt. 1, at 3. Because this was so long ago, I required Calvin to explain how his claim was timely. Dkt. 4. When Calvin responded, he stated that he received from Sub-Zero a letter announcing his termination sometime in February 2004. Dkt. 5-6. I allowed Calvin to proceed and explained that if the date of discrimination was in February 2004, as opposed to July 2002, then Calvin's charge filed in November 2004 could be timely. Dkt. 6, at 2. That, too, is a long time ago, but Calvin's charge remained unresolved for years.

But Calvin maintains that the actual date of termination was on July 26, 2002, not February 2004. I must read Calvin's pro se submissions liberally, but this does not mean that I should "invent allegations that are not suggested in any manner" by Calvin. *See Cole v. Litscher*, No. 04-cv-116-bbc, 2005 WL 627791, at *9 (W.D. Wis. Mar. 15, 2005). And Calvin is crystal clear that he recognized that Sub-Zero terminated his employment on July 26, 2002, and that he was not really placed on leave of absence at the time. *See* Dkt. 25, at 1 ("I Arlin Calvin knew in July of 2002 that I was terminated."), 2 ("On July 26th, 2002, I was walked out of the back door . . . Fred Neuman stated my employment with Sub-Zero was done . . . ."), 4 ("If I was on Leave of Absence why was I walked out the back door on July 26th, 2002? . . . I was not even allowed back in the building nor on the property."). This is how the investigator at the Equal Rights Division assigned to Calvin's case saw it: "all of the allegations in [Calvin's 2004 charge] involved acts that occurred more than 300 days" before

Calvin filed the charge. Dkt. 20-2, at 4. Calvin's acknowledgement that he was actually terminated on July 26, 2002, is fatal to his claim.

Because Calvin is without legal counsel, I have considered other ways in which his claim might be timely. One is the "continuing violation" doctrine, which allows a plaintiff to assert a claim against "a single, ongoing unlawful employment practice if at least one related act occurs during the limitations period." *Barrett*, 803 F.3d at 898 (citation omitted). But that doctrine applies only to hostile work environment claims, *id.*, and Calvin is not pursuing one here.

Another is the "cumulative violation" principle, which applies in a situation where it was "not immediately apparent that the law [was] being violated." *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014). The plaintiff in that situation can "delay suing until a series of wrongful acts blossoms into an injury on which suit can be brought." *Id.* (quoting *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008)). But if the discrete act results in a "continuing harm," then the 300-day clock starts from the date of the discrete act; "it does not restart with each new day the harm is experienced." *Id.* 839-40 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-15 (2002). Here, Calvin states that he "knew" that he was terminated on July 26, 2002, Dkt. 25, at 1, and he was told that his "employment with Sub-Zero was done" on that date. Dkt. 25, at 2. So any violation of Title VII was apparent by that date. Thus, the cumulative violation principle does not apply.

Calvin's Title VII claim is untimely, and I must dismiss this case.

5

ORDER

IT IS ORDERED that:

1. Defendant Sub-Zero Freezer Co.'s motion to dismiss, Dkt. 9, is GRANTED.

2. This case is DISMISSED.

3. The clerk of court is directed to enter judgment in defendant's favor and close the case.

Entered January 27, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge