IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARLIN T. CALVIN,

Plaintiff,

v.

SUB-ZERO FREEZER CO.,

Defendant.

ORDER

16-cv-552-jdp

Pro se plaintiff Arlin T. Calvin brought this employment action against his former employer, defendant Sub-Zero Freezer Co., contending that Sub-Zero discriminated against him based on his disability in violation of the Americans with Disabilities Act (ADA). I granted summary judgment for Sub-Zero because Calvin's claim was untimely. Dkt. 28. Calvin had 300 days from the date of the alleged violation to file a charge of discrimination, but he had failed to do so: Calvin was terminated on July 26, 2002, but he filed his charge on November 26, 2004. Calvin now moves for reconsideration. I will deny this motion.

I will construe Calvin's motion as one seeking to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 825 (7th Cir. 2014) (construing a motion for reconsideration filed within 28 days after entry of judgment as a Rule 59(e) motion). To obtain relief under Rule 59(e), the movant must show "a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). The movant may not "advance arguments or theories that could and should have been made before the district court rendered a judgment." *See, e.g.*, *Sigsworth v. City of Aurora*, *Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Here, Calvin identifies no error of law, error of fact, or new evidence. Instead, he contends that his claim was timely because he actually lost his job in 2004, not in 2002. Dkt. 30. According to Calvin, his termination was not official until 2004, when he received a formal letter informing him that he lost his job. But Calvin did not raise this argument in response to Sub-Zero's motion for summary judgment, so he may not raise it now in his motion for reconsideration.

He had an opportunity to raise the argument. I pointed out at screening that if the date of discrimination was in February 2004, as opposed to July 2002, then Calvin's filing of the charge in November 2004 could be timely. Dkt. 6, at 2. But in response to Sub-Zero's motion for summary judgment, Calvin *insisted* that July 29, 2002, was the termination date. *See* Dkt. 25, at 1 ("I Arlin Calvin knew in July of 2002 that I was terminated."), 2 ("On July 26th, 2002, I was walked out of the back door . . . Fred Neuman stated my employment with Sub-Zero was done . . . ."), 4 ("If I was on Leave of Absence why was I walked out the back door on July 26th, 2002? . . . I was not even allowed back in the building nor on the property."). Accordingly, I will deny Calvin's motion.

ORDER

IT IS ORDERED that Plaintiff Arlin T. Calvin's motion for reconsideration, Dkt. 30, is DENIED.

Entered April 17, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge